IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01816-DME-MJW

ANASA KAJUNJU,

Plaintiff,

v.

IMAGINE! INNOVATIVE RESOURCES FOR COGNITIVE AND PHYSICAL CHALLENGES, et al.,

Defendant.

## RECOMMENDATION
**THAT ACTION BE DISMISSED FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND FAILURE TO COMPLY WITH COURT ORDERS**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by United States Circuit Judge David M. Ebel on August 5, 2009.  (Docket No. 2).

This action was commenced on July 31, 2009.  (Docket No. 1).  Nevertheless, the plaintiff has not yet filed proof that she has served all but one of the defendants.  Furthermore, plaintiff failed to appear at the Rule 16 Scheduling/Planning Conference that was set for October 13, 2009, at 9:00 a.m., and she failed to comply with the other provisions of this court's Order Setting Scheduling/Planning Conference issued on August 14, 2009 (Docket No. 4), i.e., holding a pre-scheduling conference meeting, preparing and submitting a proposed Scheduling Order, and submitting a Confidential Settlement Statement.  The court sent a copy of the Order Setting Scheduling/Planning Conference (Docket No. 4) to the plaintiff at the address she provided on her Complaint,

2

and that copy was not returned to the court by the U.S. Postal Service as undeliverable. In addition, plaintiff did not seek a continuance of the conference, nor did she contact the court by telephone or otherwise concerning the conference.

Consequently, this court issued an Order to Show Cause and Order Resetting Scheduling/Planning Conference (Docket No. 7) in which the court set a Show Cause Hearing and reset the Scheduling/Planning Conference for October 27, 2009, at 8:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  Plaintiff was directed to appear in person and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) as against all defendants.

A copy of that Order was sent to the plaintiff at the address she provided on her Complaint, and it was not returned to the court by the U.S. Postal Service as undeliverable.  In addition, the plaintiff once again did not contact the court by telephone or otherwise at the time set for the conference.  However, on October 19, 2009, the purported legal guardian of the plaintiff, Madina Buhendwa, filed a letter to the court in which, among other things, she advised that the plaintiff would be present for the October 27, 2009, hearing at 8:30 a.m.  (Docket No. 10).  While the purported guardian also requested in that letter that the conference date be changed, the court did not issue an order changing the date and time of the conference.  In fact, this court subsequently denied a defendant's motion to reset the conference (Docket No. 17).  A copy of the Minute Order denying defendant's request was sent to plaintiff at the address provided in the Complaint, and it was not returned by the U.S. Postal Service as undeliverable. Nevertheless, plaintiff once again failed to appear as directed by the court.  In addition,

plaintiff once again failed to submit a proposed Scheduling Order and a Confidential Settlement Statement, nor did she arrange to have a pre-scheduling conference meeting with defense counsel.  The court notes that while it was overcast at the time of the Show Cause Hearing and Re-set Scheduling/Planning Conference, the roads were dry and clear.

As this court previously advised plaintiff in the Order to Show Cause, Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  Furthermore, Rule 41(b) provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . .(C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

4

      (iii) striking pleadings in whole or in part;

      (iv) staying further proceedings until the order is obeyed;

      (v) **dismissing the action or proceeding in whole or in part**;

      (vi) rendering a default judgment against the disobedient party; or

      (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon the plaintiff's failure to appear, failure to prosecute, and failure to comply with court orders.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     October 27, 2009        s/ Michael J. Watanabe  
             Denver, Colorado         Michael J. Watanabe  
                                      United States Magistrate Judge