# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01816-DME-MJW

ANASA KAJUNJU,

       Plaintiff,

v.

IMAGINE! INNOVATIVE RESOURCES FOR COGNITIVE
AND PHYSICAL CHALLENGES, JOHN TAYLOR;
MARIANNE NICK; RICARDO HOSKINS; NICOLE TRUITE;
DEPARTMENT OF HUMAN SERVICES; DIVISION FOR
DEVELOPMENTAL DISABILITIES; COLORADO DEPARTMENT
OF HEALTH CARE POLICY & FINANCING; SUSAN LATCHFORD;
and AMY HAIGHT,

       Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE WATANABE'S REPORT & RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE

This matter comes before the Court on plaintiff Anasa Kajunju's Objection to Magistrate Judge Watanabe's Report & Recommendation that the Court dismiss this case for failure to prosecute, failure to appear, and failure to comply with court orders.  (Doc. 22 (Recommendation); Doc. 23 (Objection).)  Reviewing the Report & Recommendation under Federal Rule of Civil Procedure 72, this Court hereby OVERRULES plaintiff's objection, ADOPTS Magistrate Watanabe's Report & Recommendation in part, and DISMISSES this action without prejudice.

**I.	Background**

Plaintiff is a disabled adult, represented in this action by her guardian, her mother Madina Buhendwa.[1]  On July 31, 2009, plaintiff filed suit in this Court, alleging that defendants deprived her of benefits due under various federal statutes.  (Doc. 1.)  Plaintiff alleged violations of 42 U.S.C. §§ 1981 and 1983, as well as violations of Title VI of the Civil Rights Act of 1964, § 504 of the Rehabilitation Act, and the Americans with Disabilities Act.  (Id.)  The defendants are Developmental Disabilities Center d/b/a Imagine! ("DDC," incorrectly identified in the caption of the complaint as Imagine! Innovative Resources for Cognitive and Physical Challenges) and various Colorado state agencies tasked with providing benefits to the disabled, as well as individuals associated with those entities.[2]  (Id.)

This litigation has been troubled from the outset.  The check submitted by plaintiff to pay the filing fee was returned unpaid; on October 7, this Court entered a show cause order commanding plaintiff to pay the filing fee or face dismissal.  (Doc. 5.)  In the meanwhile, Magistrate Judge Watanabe set a scheduling conference for October 13, and ordered plaintiff to confer with defendants, prepare a proposed scheduling order 21 days prior to the conference, and that each party submit a confidential settlement statement 5 days prior to the conference.  (Doc. 4, dated August 14, 2009.)  This order was mailed to the address listed on plaintiff's complaint,

---

[1] In their recently-filed motion to stay this litigation, the state agency defendants point out that Ms. Buhendwa has not filed with the Court any proof that she is the legal guardian of Ms. Kajunju.  (Doc. 28.)  Because the action is being dismissed here without prejudice, the Court will not address this issue, or the other arguments in the state defendants' motion.

[2] It appears at this stage that plaintiff is making claims against these individuals only insofar as they were acting on behalf of their agencies or employers, and not in their individual capacities.  (Doc. 23 at 2 ("The others names [sic] indicated on the complaint were not served, because, at the time, they were acting in their official capacity.").)

2

and was not returned as undeliverable. (Doc. 22 at 1-2.) At the scheduling conference on October 13, no party appeared before Magistrate Judge Watanabe.[3] Plaintiff claims that she failed to appear because she only received a copy of the August 14 order on October 15, when her guardian appeared in person at the Courthouse to pay the filing fee and file a return of service for DDC. (Doc. 23 at 1.) After the plaintiff failed to appear, Magistrate Judge Watanabe entered a show cause order warning the plaintiff that the action could be dismissed if she did not adequately explain her failure; the hearing on that order was set for October 27. (Doc. 7.)

As noted above, the plaintiff's guardian came in person to the Courthouse on October 15 to pay the filing fee and to file the return of service on DDC. At that time, plaintiff was given a copy of Magistrate Judge Watanabe's show cause order. She filed a response to this order on October 19 indicating that she would be present at the October 27 hearing, but asking that it be rescheduled. (Doc. 10 at 2.) In the meantime, attorneys for DDC had entered appearances, and Magistrate Judge Watanabe granted DDC an extension of time until November 20 to file its response to the complaint. (Docs. 11-18.) Finally, on October 23, this Court entered an order discharging its prior show cause order based on the plaintiff's failure to pay the filing fee, in light of her October 15 payment in cash. (Doc. 20.)

On October 27, the plaintiff once again failed to appear at the show cause hearing. That same day, Magistrate Watanabe issued his Report & Recommendation recommending that the action be dismissed. (Doc. 22.) Magistrate Watanabe based his recommendation on three provisions of the Federal Rules of Civil Procedure: Rule 4(m), which allows the court to dismiss

---

[3]Defendants likely never received a copy of the August 14 order. Defendant DDC was not served until October 1; the two defendant state agencies were served on October 30 and November 2, respectively. (Docs. 9, 24, 25.)

an action without prejudice against any defendant who has not been served within 120 days of the filing of the complaint; Rule 41(b), which allows for dismissal of an action for failure to prosecute or abide by the Rules; and Rule 16(f), which empowers the Court to sanction parties for failing to obey pretrial orders, and authorizes application of the sanctions provided in Rule 37(b)(2)(A)(ii)-(vii), among which is the dismissal of an action.  (Id. at 3-4.)  The Report & Recommendation does not explicitly state whether the recommended dismissal should be with or without prejudice, but it quotes the portion of Rule 41(b) stating that unless otherwise stated, a dismissal for any reason other than lack of jurisdiction, improper venue, or failure to join an indispensable party operates as an adjudication on the merits.  Therefore, this Court will assume that Magistrate Watanabe recommends dismissing the action with prejudice.

On November 3, plaintiff filed an Objection to Magistrate Watanabe's Report & Recommendation, which was timely under Rule 72(b)(2).  (Doc. 23.)  The thrust of plaintiff's Objection is that her failure to attend the conferences and abide by the Court's orders was unintentional.  Though stated somewhat obliquely, plaintiff seems to assert that she missed the October 13 conference because she did not receive the August 14 order until October 15; she missed the October 27 conference, apparently, because she erroneously believed that this Court's October 23 order discharging its October 7 show cause order (arising out of the filing fee) also discharged Magistrate Watanabe's October 13 show cause order.  (Id. at 2-3.)  DDC filed a Response to plaintiff's Objection on November 3.  (Doc. 23.)[4]

---

[4] In addition, DDC filed a motion to dismiss under Rule 12(b)(6).  (Doc.27.)  The state agency defendants have also moved to stay the litigation pending this Court's ruling on the Report & Recommendation.  (Doc. 28.)  This Court's dismissal of the case herein moots these motions.

**II.     Standard of Review**

Under the Federal Rules, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Under Rule 72(b)(2), a party's objection to a Report & Recommendation must be "specific" and "written." In its response to plaintiff's Objection, DDC has argued that the Objection is not sufficiently specific as to what aspects of the Report & Recommendation it challenges to trigger this Court's de novo review. (Doc. 26 at 2-4.) This Court, however, is under a duty to construe the pleadings of pro se litigants liberally, though it must not function as an advocate for such litigants. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, even had the plaintiff not objected, "the district court may review a magistrate's report under any standard it deems appropriate." Summers v. State of Utah, 927 F.2d 1165, 1167 (10th Cir. 1991).

Given that plaintiff appears pro se, and that plaintiff did timely object to the Report & Recommendation, this Court will review Magistrate Watanabe's Report de novo, notwithstanding the less-than-precise nature of plaintiff's Objection.

**III.    Discussion**

Under Federal Rule of Civil Procedure 41(b), the court has the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." See also Davis v. Miller, 571 F.3d 1058, 1060 (10th Cir. 2009) (noting that a court may dismiss a case under such circumstances sua sponte). However, "[w]e have long held that dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." Davis, 571 F.3d at 1061. "Because dismissal with prejudice defeats altogether a litigant's right to

access to the courts, it should be used as a weapon of last, rather than first, resort." Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988).

When considering whether to dismiss an action with prejudice, courts in this circuit must evaluate: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Although we initially developed the Ehrenhaus factors in the context of dismissal for discovery misconduct under Rule 37, we have since applied them to sua sponte dismissals under Rule 41(b) as well. See, e.g., Davis, 571 F.3d at 1061. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Ehrenhaus, 965 F.2d at 921 (citing Meade v. Grubbs, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)). Courts are generally required to evaluate these factors explicitly and on the record. Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994) (holding that a district court's failure to explicitly consider the Ehrenhaus factors constituted abuse of discretion).

Three of the Ehrenhaus factors point unambiguously toward dismissal. There has undeniably been some prejudice to the defendants. DDC has had to retain counsel and expend resources to appear with counsel before Magistrate Watanabe at the October 27 conference. This expenditure was fruitless, as plaintiff did not appear. Plaintiff's actions have also interfered with the judicial process; by failing to appear before Magistrate Watanabe on two occasions and by disobeying a court order to appear on the second occasion, as well as by failing to conduct any of

6

the steps outlined in the Court's Order Setting Scheduling/Planning Conference (Doc. 4), plaintiff flouted the authority of the Court and interfered with the Court's ability to manage its docket. Finally, Magistrate Watanabe's show cause order of October 13 (Doc. 7) clearly conveyed to the plaintiff the possibility that the action could be dismissed if plaintiff failed to comply with the Court's orders. Plaintiff's letter of October 19 (Doc. 10) establishes that she received this order, because in that letter she indicated that she would be present at the October 27 hearing. Thus, factors 1, 2, and 4 of the Ehrenhaus test point toward dismissal.

Factor 3, the culpability of the litigant, is less clear. In Ehrenhaus, we observed that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." 965 F.2d at 920. Plaintiff's behavior toward the Court—while undoubtedly grossly negligent and disrespectful—does not rise to the level of willful or purposeful disobedience. In particular, while the Court is not entirely convinced by plaintiff's allegation that she believed that this Court's October 23 order discharging its earlier show cause order meant that she did not have to appear before Magistrate Watanabe on October 27, it is at least a conceivable explanation for her failure to appear. Ehrenhaus factor 4 thus does not argue in favor of dismissal with prejudice.

Finally, factor 5, the efficacy of lesser sanctions, also points away from dismissal with prejudice. The Court is troubled by the prospect of denying plaintiff an opportunity to access the justice system entirely, without first attempting a less permanent measure.

Therefore, the Court will adopt Magistrate Watanabe's Report & Recommendation in part, but will add the clarification that the action is being dismissed without prejudice. The Court trusts that this experience has impressed upon the plaintiff the need to diligently and actively prosecute an action voluntarily brought. If plaintiff chooses to re-file this action, she is warned

in the sternest possible terms that it is her responsibility to remain abreadst of all filings and developments in her case, and that she must obey all orders of the Court.

**Conclusion**

  The Court hereby ORDERS:

1. that plaintiff's Objection to Magistrate Watanabe's Report & Recommendation is DENIED;

2. that Magistrate Watanabe's Report & Recommendation is ADOPTED;

3. that this action is hereby DISMISSED without prejudice; and

4. that all remaining motions pending in the action are DENIED as moot.

  Dated this  15th  day of   January  , 2010.

            BY THE COURT:

            *s/ David M. Ebel*

            _____

            U. S. CIRCUIT COURT JUDGE